IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

v.

C.O. HANSEN, MS. GORNEY, KEVIN PITZEN,         OPINION and ORDER
WARDEN GARCEAU, RH 2 CO(S)
SECURITY DIRECTOR DOE, and                           25-cv-422-jdp
COLUMBIA CORRECTIONAL INSTITUTION,

                Defendants.

---

Plaintiff Brandon D. Bradley, Sr., proceeding without counsel, is incarcerated at Columbia Correctional Institution (CCI). Bradley alleges that CCI staff confiscated a lawsuit that he planned to file about the discontinuation of his prescription for Seroquel, a psychiatric medication. But Bradley's ability to file lawsuits in this court is limited both by statue and by court sanctions. I will dismiss this case because Bradley's complaint does not comply with these restrictions.

Bradley has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of him incarceration, except for cases in which he alleges that he is in imminent danger of serious physical injury at the time he filed the lawsuit. S*ee Bradley v. Marchezki*, No. 20-cv-1031-jdp, 2022 WL 174366, at *1 (W.D. Wis. Jan. 12, 2022) (discussing Bradley's three-strike status). Also, because of Bradley's long history of filing complaints that violated Federal Rule of Civil Procedure 20 by containing unrelated claims against different sets of government officials, I sanctioned him by stating that I would summarily dismiss any similarly flawed complaint he submits that clearly violates Rule 20. *See Bradley v. Novak*, No. 20-cv-328-jdp, Dkt. 27, at 3 (W.D. Wis. Dec. 15, 2020).

After Bradley continued to file complaints that did not comply with these restrictions, I barred him further from filing any case-initiating documents other than habeas corpus petitions and complaints in which he alleges that he is in imminent danger of serious physical harm, even if he prepaid the full filing fee. *Bradley v. Barrett*, No. 22-cv-239-jdp, 2022 WL 1302882, at *2 (W.D. Wis. May 2, 2022).

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Bradley alleges that prison staff confiscated a proposed lawsuit about discontinuation of his Seroquel prescription. Defendants' actions in confiscating a lawsuit might implicate Bradley's right of access to the courts, but they did not in themselves place him in danger. I also note that within a week of Bradley filing this lawsuit, he followed with a lawsuit about the discontinuation of his Seroquel, *see Bradley v. Linder*, No. 25-cv-439-jdp, which he later voluntarily dismissed.

Ordinarily when this court concludes that an inmate's complaint does not meet the imminent-danger standard of § 1915(g), it gives the plaintiff a deadline to pay the entire $405 filing fee to proceed with the case. But that avenue is not available to Bradley given the sanctions against him. *See* 2022 WL 1302882, at *2. I will dismiss this case.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for expedited screening, Dkt. 3, is DENIED as moot.

2. This case is DISMISSED under this court's sanctions against plaintiff.

3. The clerk of court is directed to enter judgment and close this case.

Entered October 31, 2025.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge

Case: 3:25-cv-00422-jdp   Document #: 4   Filed: 10/31/25   Page 3 of 3